**In re KOLOB LUMBER COMPANY, INC., DBA Redwood Empire, Ltd., Debtor-in-possession.**

**KOLOB LUMBER COMPANY, INC., DBA Redwood Empire, Ltd., an Oregon corporation, Plaintiff,**

v.

**COLLMAN DECORATING, INC., DBA Rogue Machine Staining, Defendant.**

**Bankruptcy No. 682–07562.
Adv.No. 682–7298.**

United States Bankruptcy Court, D. Oregon.

Sept. 7, 1983.

Daniel D. Phillips, Grants Pass, Or., for plaintiff.

Steven Swartsley, Medford, Or., for defendant.

## MEMORANDUM OPINION AND SUPPLEMENTAL JUDGMENT ORDER

C.E. LUCKEY, Bankruptcy Judge.

Plaintiff-debtor-in-possession, Kolob Lumber Co., Inc. (Kolob), sought and received judgment and an order of turnover for $2,677.80 against Collman Decorating, Inc. (Collman), defendant, in this matter for lumber products delivered by plaintiff to defendant. The parties segregated and reserved the issue of awardability of attorney fees and costs and requested time to brief the Court. All timely memoranda are now before the Court.

The judgment was entered as tendered, after allowing time for the defendant to object to the form thereof, and reserved for the future determination by the Court the allowability and amount of attorney fees and costs.

The defendant contends, and no contrary supported position is offered by the plaintiff, that the defendant was engaged only in the service of staining wood, not in the buying and selling thereof.

Awardability of attorney fees and costs in this case depends on the effect of the stamped phrase on the invoices sent to Collman by Kolob with the delivery of the lumber which provided, "all accounts past due the date of invoice will be charged a finance charge of 1½% per month, which is an annual rate of 18%. All costs incidental to the collection of past due accounts to be

borne by purchaser, which costs include all reasonable attorney and collection fees." Plaintiff contends that ORS 72.2070 and/or ORS 72.2080 are operative to render the additional terms stamped on the invoices part of the parties' bargain.

ORS 72.2080 involves construction of a course of dealing between parties to a contract of sale involving repeated occasions for performance and is not applicable to the case at bar.

ORS 72.2070 provides:

"72.2070   Additional Terms in Acceptance or Confirmation

(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the contract.  Between merchants such terms become part of the contract unless:

(a) the offer expressly limits acceptance to the terms of the offer;

(b) they materially alter it;  or

(c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract.  In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this Act."

ORS 72.2070(2) applies only to transactions "between merchants."  "Merchant" is defined in ORS 72.1040(1) which states:

"(1) 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having

knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other other intermediary who by his occupation holds himself out as having such knowledge or skill."

On the facts of this case defendant was not a merchant.  See *Playboy Clubs International, Inc. v. Loomskill, Inc.,* 13 UCC Rep. 765 (NY Sup.Ct., 1974).  See also *All-States Leasing Co. v. Ochs,* 42 Or.App. 319, 600 P.2d 899, 909–910 (1979).

The Court finds that the terms of this stamped phrase on the invoices are not binding on Collman and no attorney fees or costs are awardable to Kolob based upon them.  This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy Rule 7052 they will not be separately stated.